UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:16-cr-00224-JRS-MJD |
| | ) | | |
| JAMES TURNER, | ) | | - 02 |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION**

On March 5, 2025, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on May 28, 2024.  Defendant Turner appeared in person with his appointed FCD counsel Dominic Martin.  The government appeared by Adam Eakman, Assistant United States Attorney, and Brendan Sullivan, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Jason Phillips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

    1.    The Court advised Defendant Turner of his rights and ensured he had a copy of the Petition.  Defendant Turner orally waived his right to a preliminary hearing.

    2.    After being placed under oath, Defendant Turner admitted Violation Nos. 3 and 4 as set forth in the Petition. [Docket No.  119.]  Government orally moved to withdraw the remaining Violation Nos. 1 and 2, which motion was granted by the Court.

    3.    The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |
| | As previously reported to the Court, on June 23, 2023, Mr. Turner tested positive for cocaine. He admitted to snorting powder cocaine as an unhealthy means to cope with stress. On July 19, 2023, Mr. Turner tested positive for cocaine. He denied cocaine use. |
| 4 | **"The defendant shall not commit another federal, state or local crime."** |
| | As previously reported to the Court, on August 30, 2023, Mr. Turner was arrested and charged with Criminal Trespass (A Misdemeanor) in Marion County, Indiana, under docket number 49D25-2309-CM-025639. On December 1, 2023, the Court found Mr. Turner guilty. On January 11, 2024, Mr. Turner was sentenced to 4 days in jail (time served) and 86 days suspended. A "Stay Away" order was issued to Hubbard Gardens, the apartment where he was residing. |
| | On March 12, 2024, Mr. Turner advised he continued to reside at the Hubbard Gardens apartments despite the "Stay Away" order. |

4. The Court finds that:

   (a) The highest grade of violation is a Grade B Violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties jointly recommended a sentence of 12 months and 1 day, with no supervised release to follow. Defendant requested placement at FMC Lexington, Kentucky or another appropriate medical facility due to a recent gunshot wound.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in Violation Nos. 3 and 4 of the Petition, and recommends that Defendant's supervised release be

revoked, and that he be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day of incarceration, with no supervised release to follow. The Magistrate Judge further recommends Defendant's placement at FMC Lexington, Kentucky or another appropriate medical facility.

Defendant Turner was taken into custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

Any objections to this Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 6 MAR 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system